UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TONY MAYS, SR., <br><br> Plaintiff, <br><br> v. <br><br> HYATT *et al.*, <br><br> Defendants. | CAUSE NO. 3:21-CV-287 DRL-MGG |

OPINION AND ORDER

Tony Mays, Sr., a prisoner proceeding without a lawyer, filed a complaint under 42 U.S.C. § 1983. Under 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In determining whether this standard is met, the court bears in mind that "[a] document filed *pro se* is to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citation omitted).

Mr. Mays alleges that, while he was incarcerated at Miami Correctional Facility (MCF),[1] he was attacked by another inmate. Specifically, he claims that on May 19, 2020, his cellmate, Ronald Menzie, went to the office of Ms. Braggs (first name unknown), a case manager at MCF, and reported to her that he could not live with Mr. Mays. Mr. Mays claims that two other inmates were in the office at the time and later told him what transpired. According to Mr. Mays, Ms. Braggs asked Mr. Menzie why he could not live with Mr. Mays, and he responded that he did not like him because Mr. Menzie was serving a 75-year sentence, whereas Mr. Mays was a "short timer." He reportedly told Ms. Braggs that if she did not move him, he was going to stab Mr. Mays. Ms. Braggs allegedly brushed off this statement, did not report it to her superiors, and did not otherwise take any steps to separate the two inmates or to protect Mr. Mays. The following day, Mr. Mays was "savagely stabbed in his sleep" by Mr. Menzie. He alleges that he suffered permanent injuries as a result of the attack, including a loss of hearing and lack of feeling in his face.

The Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates" and to "protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994). However, "prisons are dangerous places," as "[i]nmates get there by violent acts, and many prisoners have a propensity to commit more." *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). Therefore, a failure-to-protect claim cannot be predicated "merely on

---

[1] The complaint reflects that Mr. Mays is currently incarcerated at Westville Correctional Facility.

knowledge of general risks of violence in a detention facility." *Brown v. Budz*, 398 F.3d 904, 913 (7th Cir. 2005). Instead, the plaintiff must establish that "the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Wells*, 599 F.3d 749, 756 (7th Cir. 2010).

Giving him the inferences to which he is entitled, Mr. Mays has alleged a plausible Eighth Amendment claim against Ms. Braggs. He alleges that she was warned about a specific risk of harm posed to him by a specific inmate, but did nothing to address the issue or to protect him from harm. He will be permitted to proceed past the pleading stage on a claim for damages against Ms. Braggs.

He also names Warden William Hyatte as a defendant. Liability under 42 U.S.C. § 1983 is based on personal responsibility, and Warden Hyatte cannot be held liable simply because he is the official in charge of the prison. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018). Supervisory prison staff can be held liable for deliberate indifference when they "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir. 2019). There is nothing in the complaint to suggest that Warden Hyatte was personally involved in these events, that he was aware of the risk of harm to Mr. Mays and turned a blind eye to it, or that he facilitated or condoned the actions of Ms. Braggs. In fact, Mr. Mays expressly alleges that Ms. Braggs did not tell any of her superiors about Menzie's threat. He will not be permitted to proceed against the Warden.

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Ms. Braggs (first name unknown) in her personal capacity for monetary damages for failing to protect him from being attacked by inmate Ronald Menzie in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Warden Hyatte as a defendant;

(4) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Ms. Braggs (first name unknown) at Indiana Department of Correction and to send her a copy of this order and the complaint pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent this information is available; and

(6) ORDERS Ms. Braggs to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

October 1, 2021  *s/ Damon R. Leichty*
Judge, United States District Court